IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 FEB 11 A 9: 4[?]
DEBRA P. HACKETT, CL[?]
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WAYMON GEORGE PETERSON, Plaintiff, ) | 1:08CV |
| ) | 1:CV-62-MEF |
| V. ) | (WO) |
| CITY OF DOTHAN et al., Defendants. ) | JURY TRIAL REQUESTED |

## AMENDMENT TO AND MEMORADUM IN SUPPORT OF PLAINTIFF'S COMPLAINT

COMES NOW, the Plaintiff, WAYMON GEORGE PETERSON, and ENTERS the afore-stated document in support of his objection to the MAGISTRATE JUDGE'S RECOMMENDATION to dismiss the Plaintiff's complaint in the above-styled case.

## FACTS

The Plaintiff, Waymon George Peterson, is an inmate presently incarcerated in the Dothan City Jail, which is located at 210 N. Saint Andrews Street, Dothan, Alabama 36303.

(1)

SCANNED
DMW 2/11 11:30

On November 22, 2004 a complaint was filed by David Lewis, a jail security officer alleging that the Plaintiff had assaulted him on November 18th, 2004.

On August 31st, 2005, represented by Att. John Steensland, the Plaintiff was convicted of the charge of assualt in the City of Dothan Municipal Court.

Upon appeal to the Circuit Court of Houston County, Alabama, the Plaintiff's retained counsel, John Steensland, withdrew and the Court appointed Att. Patrick Jones to represent the Plaintiff on October 21, 2005.

Due to the Ineffective Assistance of Counsel rendered by Att. Jones, the Plaintiff was found guilty before a jury at trial in the Circuit Court of Houston County, Al. On January 24th, 2007.

The Plaintiff subsequently filed an appeal to the Alabama Criminal Court of Appeal, which affirmed the Circuit Court's findings stating that Plaintiff's was improper before the Court. This was due to fact that Att. Jones who filed the initial appeal should had request a new trial post conviction but appealed to the Alabama Court of Criminal Appeals.

Plaintiff filed civil action for Ineffective ASSISTANCE OF COUNSEL against ~~Fed~~ Att. Jones on Aug 20th, 2007.

Judge Jerry White denied Action on August 27th, 2007.

(2)

ON December 17, 2007 the Plaintiff turned himself in to the Dothan City Jail as ordered by the Circuit Court.

On January 28, 2008 the Plaintiff filed his Complaint In THE United States District Court.

On January 30, 2008 was granted his request to proceed In FORMA PAUPERIS.

Before addressing Judge Moorer's Recommendations, the Plaintiff ask that this Honorable Court take into consideration the following:

1.) That the Plaintiff is a Pro Se party to this action ask the Court to take this into consideration before dismissing this action due failure to follow procedure.

2.) That being incarcerated in the Dothan City Jail, the Plaintiff is without adequate research material and is forced to proceed with what he has retained in notes and memory.

3.) The fact that the Plaintiff's trust in Attorneys has been damaged by the actions of his former counsel or his proverty should not bar him from access to the Courts.

4.) That in following the instructions in the PRO SE PACKAGE (Filing without an Attorney), the Plaintiff submitted only a paragraph (as directed under step one: number 3 - <u>Allegations</u> for each ground provide on complaint form.

(3)

# I. DISCUSSION

## A. The City of Dothan

In an attempt to follow the instructions in the guide to filing Pro Se, provided by the Court, the Plaintiff failed to articulate a theory in which the City of Dothan would be found liable. In the following pages the Plaintiff will elaborate on his allegations contained in his Complaint.

The Plaintiff's contention is that the City of Dothan prosecuted the false charge of assault by Sgt. Lewis (as well as a false charge of threatening filed by Officer Beck). The fabricated testimony of officers Lewis, Robinson, Mixon, and Jail Administrator, Namie Grubbs aided in convicting the Plaintiff of said false charges. The Plaintiff also have evidence that would suggest that these witnesses were coached by Assistant City Attorney, Kevan Kelly. The Plaintiff's contention is that Sgt. Lewis and Warden Grubbs fabricated the assault charge in order to cover Sgt. Lewis's excessive use of force initionally. The Plaintiff was taized by Lewis. The incident on Nov. 18th, 2004 was a result of Warden's order to move and isolate to Plaintiff, in

(4)

retaliation to the Plaintiff filing a grievance that morning, alleging misconduct by a staff member.

This act of retaliation was just one of a series of acts of retaliation which included but was not limited to:

1.) May of 2004 Plaintiff trustee status for filing charge against Simmons with Internal Affairs.

2.) July 30th, 2004 Plaintiff denied pain med. by Sgt. Tolbert and 1st shift after out patient surgery

3.) Aug. 27th, 2004 Plaintiff was assaulted by inmate who was encouraged and rewarded by officers Beck, Phillips, Rogers and Warden Grubbs.

4.) Aug. 23th 2004 Plaintiff denied pain meds by officer Beck and first shift, Warden Grubbs covered up incident with false statement. found not guilty

5.) Officer Beck wrote false disciplinary charge saying see saw Plaintiff smoking. Plaintiff found not guilty.

6.) Sept. 2, 2004 Plaintiff charged with harrassment by officer Beck, in retaliation for filing an amendment to Injuction in Circuit Court. Plaintiff found not guilty on Aug 31, 2005

The City of Dothan was indifferent to the Plaintiff's claim of negligence and misconduct (including retaliation for filing grievances). Plaintiff has copies of letters and grievances written to Jail administors

(5)

and City officials. The Plaintiff filed an Injunction against the City and Jail staff for Indifference and retaliation respectfully in Aug. 2004. The retaliation continued and on Sept. 3rd, 2004 the Plaintiff filed an amendment to the Injunction for which the Plaintiff recieved a Municipal charge of harassment trumped up by Officer Beck and Warden Grubbs. Another amendment was filed by Plaintiff on Oct. 6, 2004 as retaliation continued.

The City of Dothan manipulated the Court by not allowing Plaintiff to go to court and had the Judge to dismiss claims due to failure to appear.

In light of the fore-going facts and the fact that Plaintiff can prove that there was no assault of Sgt. Lewis and that the charge was the result of an act of retaliation for fileing a grievance, which is a constitutionally protected right (*Justice v. Coughlin*, N.D. N.Y. 1996, 941 F. Supp. 312), the case should not be dismissed.

(6)

B. <u>Claims Against Judge Jerry White</u>

The Plaintiff disagrees with Judge Moorer's opinion that the Plaintiff's claims against Judge White are "Based on an indisputably meritless legal theory." In <u>Lassiter v. Alabama A&M University</u>, 28 F. 3d 1146, 1149 (11th Cir. 1994) abrogated the Eleventh Circuit gave a detailed statement of the principles which govern qualified immunity:

"Qualified immunity protects government officials performing discretionary functions from civil trials (other burdens of litigation, including discovery) and from liability if there conduct violates no "Clearly established statutory or Constitutional rights of which a reasonable person would have known." The qualified immunity doctrine means that government agents are not always required to err on the side of caution. That the qualified immunity protects governmental actions is the usual rule; only in exceptional cases will government actors have no shield against claims against them in their individual capacities. Unless a government agents act is so obviously wrong, in the light of pre-existing law, that a plainly incompetent officer or an officer knowingly violating the law would have done such a thing,

(7)

the actor has immunity from suit..."

In this case Judge was aware of his actions as evident by:

1) Judge White's Statement "I mean, no, I'm not going to let you impeach somebody. He said he didn't know. According to <u>Crawford V. State of Washington</u>, the Confrontation Clause of the Sixth Amendment protects the defence's right to call witnesses to offer "testimonial" hearsay as long as the declariant testifies at trial even if he or she profess no memory of the events recounted in the hearsay." Judge White's declaration does not an adversarial proceeding as prescribed by the Consitution.

2) trial transcript shows that defense counsel objected and stated law that allowed such Confrontation

3) Judge White's reported retirement came after Plaintiff filed for Post Conviction relief citing Judge White's denial as grounds for relief and also filed Motion to Recuse Judge White.

The Plaintiff contends that Judge White left his role as Judge and became advocate for the State, thus creating the exception for

(8)

which Lassiter provides. Therefore Judge White should be stripped of said immunity and case should not be dismissed.

### C. The Claims Against Patrick Jones and Sherrer, Jones & Terry, P.C.

In that the Plaintiff has no knowledge of the legality of trying Patrick Jones and his firm under § 1983 action, the Plaintiff can only plead that this Honorable Court would make an exception and proceed in the spirit of Justice. The Plaintiff, if given an opportunity, can prove that Jones was negligent within the criteria set in Strickland and that he conspired with the City of Dothan. The Plaintiff attempted to bring action against Jones but as previously mentioned was denied indigent status by Judge White who took said action that was assigned to Judge Little. Even Judge White had previously granted the Plaintiff indigent status. This Court has also granted the Plaintiff indigent status. It is due to demonstrated bias against the Plaintiff and blatant corruption of the local Court, that this Plaintiff ask this Honorable Court to intervene. This

(9)

Court has the power as well as the caselaw to support such an intervention, <u>Rubin Cater v. The State of New Jersey</u>. Therefore this claim should proceed.

### D. <u>Defendants Grubbs, Lewis and Robinson</u>

As noted in section A of this document, Officers Robinson, Lewis and Warden Grubbs gave perjured testimony. Lewis also filed a false complaint. Warden Grubb's order to move the Plaintiff and isolate him from population was in retaliation for the Plaintiff submitting a grievance on the morning of Nov. 18, 2004. So not only did the Warden participate in falsely accussing the Plaintiff but sought to punish and deter the Plaintiff from filing grievances. Therefore she was also guilty of violating a constitutionally protected right.

"Acts taken against a prisoner in retaliation for exercise of constitutional right can state claim under § 1983, even when retaliatory acts themselves do not violate constitutional right" <u>Thomas V Hill</u>, N.D. Ind. 1997, 963 F. Supp. 753.

(10)

"Prison grievances are Constitutionally protected conduct for purposes of inmate claim under §1983" <u>Justice V. Coughlin</u>, N.D. N.Y. 1996, 941 F. Supp. 1312.

The Plaintiff, in light of the foregoing facts objects to the Magistrate Judge's Recommendation and ask that claim proceeds. further more, to dismiss named Defendants with prejudice would be doing what the City of Dothan has done, told the Jail staff that it is alright to neglect and abuse inmates, because they no longer have rights. It gives them the attitude that no matter what that do they can get away without being held accountable. For instance, yesterday while giving out medication, Office Robinson made the statement that I was upset because my lawsuit was going no where. It is evident by this statement that she had been told that not to worry, My case would be dismissed. Yet had the same time she had just called two other inmates down that were not suppose receive there medication at lunch. She negligently gave inmate Huges medication he was not to get.

(11)

## I CONCLUSION

As a Pro Se Plaintiff, the Plaintiff, Waymon George Peterson, was unaware of the fact he was to argue his case in order to file a claim. The Plaintiff PRAYS that this document satisfies the Court and pleads that in the spirit of Justice and the Constitution of the United States, that he will be allowed his day in Court. The Plaintiff request that:

1) His Object be sustained
2) The Claims against all Named Defendants as well as The City of Dothan proceed.
3) Summons be immediately served on all Defendants.

Done this 7th Day of Feburary, 2008.

Waymon S. Peterson
Pro Se

404 Linden Street
Dothan, Alabama 36305

Waymon G. Peterson
904 Linden Street,
Dothan, Alabama 36303

7007 0220 0002 7393 4198





U.S. POSTAGE
PAID
DOTHAN, AL
36302
FEB 08, '08
AMOUNT
$5.94
00038434-01

**RETURN RECEIPT REQUESTED**

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, Alabama
36101-0711