IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

WAYMON GEORGE PETERSON     *

    Plaintiff,     *

    v.     *     1:08-CV-62-MEF
                                                          (WO)

CITY OF DOTHAN, *et al.*,     *

    Defendants.     *

_____

**ORDER ON MOTION**

On February 11, 2008 Plaintiff filed objections, including a supporting memorandum, to the January 31, 2008 Recommendation of the Magistrate Judge. The court construes the February 11 memorandum in support of the objections to contain a motion to amend facts in support of complaint. Specifically, Plaintiff presents additional claims with respect to his complaint against Mamie Grubbs, Belinda Robinson, and David Lewis. Upon consideration of the motion to amend, the court concludes that the motion is due to be denied.

Plaintiff requests that he be allowed to amend his complaint to allege a claim that Defendant Lewis, a Dothan City Jail security officer, filed a false complaint against him for assault on November 22, 2004. He further seeks to amend his complaint to add a claim that after he filed a grievance on November 18, 2004, Defendant Grubbs, the Warden of the Dothan City Jail, retaliated against him for this conduct by placing him in isolation.

The statute of limitations applicable to actions brought under 42 U.S.C. § 1983 is two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l). The alleged unconstitutional actions about which Plaintiff complains occurred on or before November 22, 2004. Plaintiff filed the instant complaint on January 28, 2008. This filing occurred ***after*** the applicable periods of limitation had lapsed.

Based on the facts apparent from the face of Plaintiff's motion to amend complaint, he would have no legal basis on which to proceed with regard to those claims which occurred on or before November 22, 2004 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued. Accordingly, Plaintiff's attempt to challenge the actions of Defendants Grubbs, Lewis, and Robinson with respect to matters which occurred on or before November 22, 2004 is frivolous as such claims would be barred by the applicable statute of limitations.[1]

---

[1] Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id.* at n.2.

Plaintiff also requests that he be allowed to amend his complaint to claim that Defendants Grubbs, Robinson, and Lewis gave perjured testimony at his criminal trial. To the extent this claim is not time barred, the law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during court proceedings. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id.* at 327, n. 1. Thus, Plaintiff's perjury claim is without legal basis.

In light of the foregoing, it is

ORDERED that Plaintiff's February 11, 2008 pleading, construed as a Motion to Amend Facts in Support of Complaint (*Doc. No. 6*) be and is hereby DENIED.

Done, this 22nd day of February 2008.

                                      /s/ Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE