IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WAYMON GEORGE PETERSON,     )
                               )
        Plaintiff,              )
                               )
v.                              )   CASE NO. 1:08-cv-62-MEF
                               )
CITY OF DOTHAN, *et al.*,      )   (WO)
                               )
        Defendants.      )

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Complaint (Doc. # 1) filed by Plaintiff Waymon Peterson ("Peterson"). Peterson's complaint asserts claims pursuant to 42 U.S.C. § 1983 against the City of Dothan, Judge Jerry White, who presided over his criminal trial, the law firm and attorney who represented him during his criminal trial, and several prison officials (collectively "Defendants"). The Complaint alleges that he was maliciously prosecuted and wrongfully convicted, and Peterson seeks damages and injunctive relief.

On January 31, 2008, Magistrate Judge Terry F. Moorer issued a Report and Recommendation (Doc. # 4) to this Court recommending that all of Petersons' claims be dismissed. Peterson filed an objection to the Report and Recommendation on February 11, 2008 (Doc. # 5). After a careful review of the record and the arguments made by the parties in this case, the Court finds that the Recommendation of Judge Moorer is due to be ADOPTED, with the following modifications stating additional grounds for dismissal of Petersons' claims.

In his objection, Peterson argues that this Court should not dismiss his claims against Warden Mamie Grubbs ("Grubbs"). Peterson alleges, for the first time, in his objection that Grubbs retaliated against Peterson after he filed a grievance on November 18, 2004. This issue was not addressed in the Magistrate's Recommendation because it was not raised in Peterson's Complaint. A claim for retaliation against an inmate for filing a grievance is cognizable under § 1983. *See Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). However, even if this Court were to allow Peterson to amend his Complaint to add his retaliation claim, this claim would be barred by the statute of limitations. *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (two-year statute of limitations on § 1983 actions in Alabama).

## V. CONCLUSION

For the reasons set forth above, it is the ORDER, JUDGMENT and DECREE of the Court that:

(1) The Plaintiff's Objection to the Magistrate Judge Recommendation (Doc. # 5), filed on February 11, 2008 is OVERRULED;

(2) The Recommendation of the United States Magistrate Judge (Doc. # 4), entered on January 31, 2008, is ADOPTED and MODIFIED as set forth herein;

(3) This case is DISMISSED in accordance with the Recommendation of the United States Magistrate Judge (Doc. # 4).

(4) This Court will enter a separate final judgment taxing costs.

DONE this the 26th day of February, 2008.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE